'O'
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRISTINA VACA,

       Plaintiff,

   v.

COSTCO WHOLESALE
CORPORATION,

       Defendant.

CV 22-03895-RSWL-RAOx

**ORDER re: MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT** [14]

    Plaintiff Cristina Vaca ("Plaintiff") brought the instant Action against Defendant Costco Wholesale Corporation ("Defendant") alleging negligence and premises liability.  Currently before the Court is Plaintiff's Motion for Leave to file a First Amended Complaint and to Remand Action to State Court.

    Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion and **REMANDS** this

1

Action to state court.[1]  The Court **ORDERS** Plaintiff to file her First Amended Complaint with the Court by **March 31, 2023,** at which time the Court will remand this Action.

## I.   BACKGROUND

### A.   Factual & Procedural Background

Plaintiff claims that she slipped and fell while at Costco Alhambra (Store #1626) ("Costco Location") on April 2, 2022, causing her to fracture her wrist. Def.'s Notice of Removal, Ex. A ("Compl."), ECF. No. 1. Defendant owns and operates that Costco Location.  Id. Plaintiff contends that Defendant maintained the Costco Location in a negligent and reckless manner, which facilitated the dangerous condition that caused and/or contributed to Plaintiff's injuries and damages.  Id.

---

[1] Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion."  L.R. 7-3.  "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." CarMax Auto Superstores Cal. LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015).  Here, the parties are in violation of Local Rule 7-3 because there is no indication the parties met and conferred.  Nevertheless, Defendant does not seem to have been prejudiced by the violation because it was able to fully respond to Plaintiff's Motion.  See generally Def.'s Opp'n to Pl.'s Mot. for Leave to Amend and to Remand ("Opp'n"), ECF No. 18.  Thus, the Court should exercise its discretion to consider the Motion's merits.  See CarMax Auto Superstores Cal. LLC, 94 F. Supp. 3d at 1088 (electing to consider a motion's merits despite a violation of Local Rule 7-3).

1   Plaintiff seeks $100,000.00 in general damages,
2   $33,893.00 in hospital expenses and bills, and
3   $32,400.00 in wage/income loss.  Id.  In response to her
4   discovery requests, Plaintiff received footage of the
5   incident which showed that Plaintiff fell near a kiosk
6   that she believes Costco Wholesale Membership, Inc.
7   ("Membership") provided.  Pl.'s Mot. to Am. and Remand
8   ("Mot.") at 12-14, ECF No. 14.  Now, Plaintiff seeks to
9   amend her Complaint to include Membership as a
10  defendant.  Importantly, Plaintiff is a citizen of
11  California, Defendant is a Washington corporation, and
12  Membership is a California corporation.  See generally
13  Mot.; Def.'s Notice of Removal, ECF No. 1.  Therefore,
14  amending the Complaint to include Membership as a
15  Defendant would destroy diversity.  Accordingly,
16  Plaintiff also requests the Court remand this Action to
17  state court if Plaintiff is permitted to amend her
18  Complaint.  See generally Mot.
19      Defendant filed its Notice of Removal [1] on
20  June 7, 2022.  Defendant then filed its Answer [11] to
21  Plaintiff's Complaint on September 30, 2022.  On
22  December 9, 2022, Plaintiff filed the instant Motion to
23  Amend and Motion to Remand [14].  Defendant then filed
24  its Opposition [18] on December 23, 2022.

## II.   DISCUSSION

### A.   Legal Standard

27      Generally, motions to amend a complaint to add new
28  parties are governed by Rule 15 of the Federal Rules of

1  Civil Procedure.  Rule 15 mandates that leave to amend
2  be freely granted whenever justice requires.
3      Rule 15, however, "does not apply when a plaintiff
4  amends her complaint after removal to add a diversity
5  destroying defendant." Greer v. Lockheed Martin, No. CV
6  10-1704 JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug.
7  10, 2010) (quoting Chan v. Bucephalus Alternative Energy
8  Group, LLC, No. C 08-04537, 2009 WL 1108744, at *3 (N.D.
9  Cal. Apr. 24, 2009) (internal quotation marks omitted)).
10  This type of amendment is instead analyzed under
11  28 U.S.C. § 1447(e), which states that, "if after
12  removal the plaintiff seeks to join additional
13  defendants whose joinder would destroy subject matter
14  jurisdiction, the court may deny joinder, or permit
15  joinder and remand the action to the State court."
16  28 U.S.C. § 1447(e).  "The language of § 1447(e) is
17  couched in permissive terms and it clearly gives the
18  district court the discretion to deny joinder."
19  Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir.
20  1998).

**B.  Analysis**

22      Plaintiff seeks to amend her Complaint and to have
23  her Action remanded to state court.  See generally Mot.
24  Plaintiff argues that Membership is an indispensable
25  party and that she needs to amend her Complaint to join
26  it as a defendant because Membership provided a kiosk
27  that a majority of the subject incident revolves around.
28  Id.  Defendant counters that Membership has no duty to

keep the premises safe and that Plaintiff is merely
attempting to defeat diversity jurisdiction by trying to
add in Membership.  <u>See generally</u> Opp'n.  For the
reasons set forth, the Court agrees with Plaintiff and
therefore **GRANTS** the Motion.

District courts have considered the following
factors when determining whether joinder should be
permitted under Section 1447(e): (1) whether the party
sought to be joined is needed for adjudication and would
be joined under Federal Rule of Civil Procedure ("Rule")
19(a); (2) whether the statute of limitations would
prevent the filing of a new action against the new
defendant should the court deny joinder; (3) whether
there has been unexplained delay in seeking the joinder;
(4) whether the joinder is solely for the purpose of
defeating federal jurisdiction; (5) whether the claim
against the new party seems valid; and (6) the possible
prejudice that may result to any of the parties in the
litigation.  <u>Murphy v. Am. Gen. Life Ins. Co.</u>, 74 F.
Supp. 3d 1267, 1278 (C.D. Cal. 2015).  The Court
addresses each of these factors in turn.

1.  <u>Just Adjudication</u>

Rule 19(a) provides that joinder is required if, in
the absence of the necessary party, "the court cannot
accord complete relief among existing parties."  <u>Id.</u>
at 1282.  Although courts tend to consider the Rule 19
standard for a necessary party, the standard for
amendment under § 1447(e) is less restrictive than for

joinder under Rule 19.  <u>Walsh v. Home Depot U.S.A.,</u>
<u>Inc.</u>, No. C-06-4207 SC, 2006 WL 2884411, at *3 (N.D.
Cal. Oct. 10, 2006).

Specifically, the standard is met when failure to
join will lead to separate and redundant actions, while
it is not met when the non-diverse defendants are only
tangentially related to an action, or their absence
would not prevent complete relief.  <u>IBC Aviation Servs.,</u>
<u>Inc. v. Compania mexicana de Aviacion, S.A. de C.V.</u>, 125
F. Supp. 2d 1008, 1012 (N.D. Cal. 2000); <u>see also</u>
<u>Forward-Rossi v. Jaguar Land Rover N. Am., LLC</u>,
No. 216CV00949CASKSX, 2016 WL 3396925, at *3 (C.D. Cal.
June 13, 2016) (holding that a proposed defendant is
more than just tangentially related to the action
because all of the claims asserted against the defendant
and the proposed defendant arise from the same
transactions, and the resolution of these claims will
likely require the same documents, witnesses, and legal
and factual questions).  Further, under § 1447(e), a
court has discretion to deny joinder of a party "whose
identity was ascertainable and thus could have been
named in the first complaint."  <u>Boon v. Allstate Ins.</u>
<u>Co.</u>, 229 F. Supp. 2d 1016, 1023 (C.D. Cal.2002).

Here, Plaintiff argues that the video provided to
her during discovery "clearly showed the majority of the
subject incident revolved around a kiosk likely provided
by [Membership]."  Mot. at 4:15-16.  Plaintiff therefore
argues that if this Motion were denied, Plaintiff would

6

have to litigate the same claims against Defendant and
Membership in two forums, thereby creating separate,
redundant actions.  Id. at 4:23-27.  The Court first
notes that it is possible Plaintiff may not be able to
bring a separate claim against Membership in another
forum because the statute of limitations on Plaintiff's
potential claim has run.  See Cal Code Civ. Proc.
§ 335.1 (establishing that the statute of limitations
for injury claims is two years); Compl. at 5 (explaining
that Plaintiff was injured on April 1, 2020).
Regardless of whether the statute of limitations has
run, the claims against Defendant and Membership arise
from the same incident: Plaintiff's slip and fall at the
Costco Location.  Moreover, if Plaintiff were able to
bring claims against Membership, those claims and the
claims in this Action would likely require the same
documents, witnesses, and legal and factual questions.
Therefore, the Court finds that it cannot be said that
Membership is only "tangentially related" to the
existing claims against Defendant; rather, Membership is
directly related to these claims for relief.

     Thus, this factor weighs in favor of granting
plaintiff leave to amend her complaint.

     2.  Statute of Limitations

     In determining whether an amendment that destroys
complete diversity should be allowed, courts must
consider "whether the statute of limitations would
prevent the filing of a new action against the new

defendant should the court deny joinder." <u>Clinco v.</u>
<u>Roberts</u>, 41 F. Supp. 2d 1080 (C.D. Cal. 1999).  Even if
the statute of limitations has run, however, a plaintiff
may amend its complaint to substitute named defendants
for Doe Defendants under California Code of Civil
Procedure § 474 "[w]hen the plaintiff is ignorant of the
name of a defendant" at the time the complaint is filed.
Cal. Code Civ. Proc. § 474; <u>see also</u> <u>Lacombe v. Costco</u>
<u>Wholesale Corp.</u>, No. EDCV 20-2486 JGB (SHK), 2021 WL
3208031, at *2 (C.D. Cal. July 29, 2021).

The statute of limitations for a personal injury
action is two years.  <u>See</u> Cal Code Civ. Proc. § 335.1
(providing a two-year statute of limitations for claims
involving "injury to . . . an individual caused by the
wrongful act or neglect of another.").  The subject
incident occurred on April 2, 2020, meaning that the
statute of limitations ran April 2, 2022.

However, Plaintiff included Doe Defendants in her
Complaint because she was allegedly ignorant of the true
names of all necessary parties at the time the action
was filed.  Mot. at 6:13.  Plaintiff is now attempting
to amend her Complaint to substitute Membership in place
of Doe Defendants for claims that arose out of the same
incident that served as the basis for her original
claims.  <u>See generally</u> Mot.  Thus, Plaintiff would be
able to add Membership to her Complaint in state court
under § 474.

Accordingly, this factor weighs against allowing

1    Plaintiff to amend her Complaint.  See Lacombe, 2021 WL
2    3208031 at *2 (holding that since the plaintiff would
3    not be time-barred from filing a new claim in state
4    court under § 474, this factor weighed against
5    amendment).
6        3.  Timeliness of Motion
7        Courts consider delay in determining whether to
8    allow amendment to add a non-diverse party.  Dorfman v.
9    Massachusetts Cas. Ins. Co., No. CV 15-06370 MMM (ASx),
10   2015 WL 7312413, at *9 (C.D. Cal. Nov. 19, 2015).  If
11   parties have yet to file dispositive motions, courts
12   have held that amending complaints is not unreasonable
13   even if done several months after filing the initial
14   complaint.  Sabag v. FCA US, LLC, No. 2:16-CV-06639-
15   CAS(RAOx), 2016 WL 6581154, at *5 (C.D. Cal. Nov. 7,
16   2016); see also Lara v. Bandit Indus., Inc., No. 2:12-
17   cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal.
18   March 19, 2013) (holding that filing five months after
19   the initial complaint and three months after removal was
20   not untimely when the parties had not filed dispositive
21   motions).
22       Plaintiff allegedly sent Defendant's counsel a
23   packet of discovery on June 1, 2022, but did not receive
24   responses until September 13, 2022, about a month after
25   Plaintiff followed up by serving a Request for
26   Production of Documents to obtain footage of the
27   incident.  Mot. at 3:21-23, 4:13-15.  Plaintiff states
28   that she therefore only recently identified Membership

1   as a potential defendant to the Action.  Id. at 7:10-12.

2   Moreover, Plaintiff informed Defendant the day after

3   Plaintiff received footage of the incident that she

4   would be filing a Motion to Amend and Remand.  Id.

5   at 21-24.

6       Although it took approximately six months from the

7   date of removal for Plaintiff to file this Motion, this

8   delay is not unreasonable considering Plaintiff only

9   recently learned of Membership's potential liability and

10  acted shortly thereafter.  See Sagrero v. Bergen

11  Shippers Corp., No. 2:22-CV-04535-SPG-RAO, 2022 WL

12  4397527, at *3 (C.D. Cal. Sept. 23, 2022) (holding a

13  plaintiff's explanation for her delay was "sufficiently

14  persuasive" because she alleged she "just recently found

15  out the correct names" of the defendants and that she

16  could not discover them sooner because [Third Party] had

17  provided incorrect contact information for Defendant's

18  human resource department).

19      Therefore, this factor weighs in favor of allowing

20  Plaintiff to amend its Complaint and remand the Action.

21      4.  Plaintiff's Motive for Joinder

22      A court should look with particular care at a

23  plaintiff's motive for joinder when the presence of a

24  new defendant will defeat the court's diversity

25  jurisdiction and will require a remand to the state

26  court.  Desert Empire Bank v. Ins. Co. of N. Am.,

27  623 F.2d 1371, 1376 (9th Cir. 1980).  In instances like

28  these, there is a general presumption against fraudulent

joinder of a sham defendant, but it will be found if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.  <u>Hamilton Materials, Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007) (quotation omitted).

The removing party "carries the heavy burden of establishing the absence of any possibility of recovery," and must prove there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." <u>Gonzalez v. J.S. Paluch Co.</u>, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. 2013); <u>see also</u> <u>Lighting Sci. Grp. Corp. v. Koninklijke Philips Elecs. N.V.</u>, 624 F. Supp. 2d 1174, 1179 (E.D. Cal. 2008) ("The claim of fraudulent joinder must be supported by clear and convincing evidence, with all ambiguities resolved in favor of the non-removing party.").  Accordingly, if there is a "glimmer of hope" that a plaintiff can sustain a claim, that is enough to prevent application of the fraudulent joinder doctrine.  <u>Id.</u>

Plaintiff argues its motive for joinder was evidenced before the case was removed as Plaintiff stated causes of action against Doe Defendants and would have substituted Membership in for the Doe Defendants even if the case were still in state court.  Mot. at 7:19-27.  Defendant counters that Plaintiff seeks to fraudulently join Membership as a sham defendant to

11

1  defeat diversity jurisdiction, as Membership has no real
2  connection to the subject incident that gave rise to
3  Plaintiff's claims.  Opp'n at 5-7.  Defendant also
4  contends that Plaintiff does not have a viable claim
5  against Membership because Membership was not
6  responsible for maintaining the premises surrounding its
7  kiosk.  Id. at 7:14-15.

8      Defendant has not met its heavy burden to establish
9  there is no possibility Plaintiff can succeed in her
10 claims against Membership.  See Lighting Sci. Grp.
11 Corp., 624 F. Supp. 2d at 1179.  Plaintiff alleged a
12 substantial portion of the incident revolved around a
13 kiosk likely provided by Membership, and Defendant has
14 not established definitively that this is either not
15 true or that Membership cannot be liable in any way.
16 Mot. at 4:13-15, 8:1-3; see generally Opp'n.  Defendant
17 claims Membership is not liable because it bore no
18 responsibility for maintaining the premises.  Opp'n at
19 7:12-18.  But at this point, it is unclear exactly what
20 Plaintiff slipped on.  See generally Compl.  Indeed, it
21 is possible that Membership's kiosk could have played a
22 role in the slip.  And the Court construes such
23 ambiguities in favor of Plaintiff, the non-removing
24 party.  See Lighting Sci. Grp. Corp., 624 F. Supp. 2d
25 at 1179.

26     Therefore, this factor weighs in favor of allowing
27 Plaintiff to amend its Complaint and remand the Action.
28 ///

1         5.  Valid Claim

2         A facially valid claim need only "seem valid" under

3     section 1447(e), which is a lower standard than what is

4     required to survive a motion to dismiss or motion for

5     summary judgment.  Prudenciano Flores v. Nissan N. Am.,

6     Inc., No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4

7     (C.D. Cal. May 9, 2022).  Further, "the claim need not

8     be plausible nor stated with particularity" for purposes

9     of joinder under § 1447.  See Found. Bldg. Materials,

10    LLC v. Action Gypsum Supply, No. SACV 21-01804-

11    CJC(KESx), 2022 WL 705337, at *4 (C.D. Cal. Mar. 8,

12    2022).

13        Plaintiff alleges that there is "no doubt" that

14    Plaintiff may have valid claims against Membership, due

15    to a substantial portion of the incident revolving

16    around a kiosk likely provided by Membership.  Mot.

17    at 4:13-15, 8:1-3.  Defendant counters that there is no

18    valid claim against Membership, as Membership is not

19    responsible for maintaining a safe environment at the

20    Costco Location, and thus, cannot be at fault for the

21    alleged negligence or recklessness that led to

22    Plaintiff's claim.  Opp'n at 7:12-18.

23        Plaintiff has met the low threshold for stating a

24    facially valid claim.  Plaintiff has shown that it is

25    possible she may sustain a claim against Membership

26    because the footage of the incident "clearly" showed the

27    majority of the incident revolved around the kiosk that

28    was likely provided by Membership.

1    Therefore, this factor tends to weigh in favor of
2  allowing Plaintiff to amend its Complaint and remand the
3  Action.
4        6.   Prejudice to Parties in Litigation
5        In determining whether a plaintiff would suffer
6  prejudice if the court were to deny leave to amend,
7  courts have considered whether denial would lead the
8  plaintiff to forgo claims against the non-diverse
9  defendants.  Murphy v. Am. Gen. Life Ins. Co., 74 F.
10  Supp. 3d 1267, 1286 (C.D. Cal. 2015).  Further, where
11  claims against parties sought to be joined in an action
12  "arise out of the same factual circumstances," it is to
13  the economic benefit of all parties and the judicial
14  system to "have the entire controversy adjudicated only
15  once," and to force the plaintiff to "proceed with
16  expensive litigation in state court" to avoid prejudice.
17  Avellanet v. FCA US LLC, No. CV 19-7621-JFW(KSX),
18  2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019).
19        Plaintiff alleges she would be greatly prejudiced
20  if this Motion were denied.  Mot. at 8:6-7.  Plaintiff
21  claims that if she cannot join Membership, then she
22  would be forced to pursue redundant litigation arising
23  out of the same facts and legal issues, or in the
24  alternative, forgo pursuing any potential claims at all
25  against Membership.  Id. at 8-12.
26        As Plaintiff's claims against Membership arise from
27  the same incident for which Plaintiff asserts claims
28  against Defendant, the Court agrees that Plaintiff would

be forced to pursue essentially the same claims in two forums if this Motion were denied.  Therefore, it would be beneficial to have these claims adjudicated all at once in state court.

Accordingly, this factor weighs in favor of allowing Plaintiff to amend her Complaint and remand the Action.

Since five of the six factors weigh toward allowing Plaintiff to amend her Complaint to substitute in Membership as a Defendant, the Court **GRANTS** Plaintiff's Motion to Amend.  Consequently, diversity is destroyed, and the Court should **REMAND** this Action to state court. The Court **ORDERS** Plaintiff to file her First Amended Complaint with the Court by **March 31, 2023,** at which time the Court will remand this Action.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this Action to state court.  The Court **ORDERS** Plaintiff to file her First Amended Complaint with the Court by **March 31, 2023**, at which time the Court will remand this Action.

**IT IS SO ORDERED.**


DATED: March 16, 2023          _____
                                    /S/ RONALD S.W. LEW
                               **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge